TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CHRISTOPHER JONES (Cal. Bar No. 343374)
Assistant United States Attorney
General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-7383
Facsimile: (213) 894-0141
E-mail: christopher.jones4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLITOS RICARDO PARIAS,<br><br>Defendant. | No. 2:25-cr-00904-FMO<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER EXTENDING DEADLINE TO DISCLOSE INFORMATION UNDER *UNITED STATES V. HENTHORN*; DECLARATION OF ASSISTANT UNITED STATES ATTORNEY CHRISTOPHER JONES; PROPOSED ORDER |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Christopher Jones, hereby (1) submits the declaration of Christopher Jones in compliance with the Court's December 9, 2025 Order (Dkt. 52) regarding Brady, Henthorn, and Giglio reviews, and (2) applies to this Court ex parte for an order extending to December 18, 2025, the deadline by which the government must disclose to defendant information under United States v. Henthorn, 931 F.2d 29 (9th Cir.

1991). The government's ex parte application is based upon the attached declaration of Christopher Jones and such further evidence and argument as the Court may permit.

Dated: December 15, 2025

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

/s/
CHRISTOPHER JONES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**DECLARATION OF CHRISTOPHER JONES**

I, Christopher Jones, declare as follows:

1. I am an Assistant United States Attorney at the U.S. Attorney's Office for the Central District of California assigned to the above-captioned matter. This declaration is made in response to the Court's order on December 9, 2025, that I submit a declaration "setting forth the names and titles of the individuals that conducted the Brady, Henthorn, and Giglio reviews, as well as the dates on which they conducted those reviews." This declaration is also made in support of the government's application for an order extending the deadline by which the government must disclose to defendant information under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

**Background**

2. Trial in this case is currently set for December 30, 2025. A pretrial conference is scheduled for December 18, 2025. On November 25, 2025, this Court issued its Case Management Order and Order Re: Disclosure Obligations ("Case Management Order"). (Dkt. 42.) This Court ordered the government to produce its supplemental disclosure to defendant no later than December 5, 2025. As part of that supplemental disclosure, the government was ordered to provide to defendant "[t]he information required by United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). . ."

3. Under Henthorn and United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992), the United States has an obligation to review the personnel files of federal law enforcement officers who are called to testify at a criminal trial to determine whether a personnel file contains information "of perjurious conduct or like dishonesty,"

which may be used to impeach the credibility of the witness. The government must only produce evidence that meets the "appropriate standard of materiality." 931 F.2d at 30-31 (quoting United States v. Cadet, 727 F.2d 1453, 1467-68 (9th Cir. 1984)).

4. The Justice Manual establishes a process by which federal prosecutors can comply with their obligation to disclose exculpatory and impeachment information for federal law enforcement officers. Justice Manual §§ 9-5.001 to 9-5.100 (the "Giglio Policy"). That process consists of the same practice that was followed in this case: (1) the federal prosecutors directly ask the witness a series of questions about any potentially impeachable material that may be in their background (sometimes referred to as the "candid questions"), and (2) a letter is sent to the officer's supervising federal agency requesting that it conduct an internal review (sometimes referred to as a Henthorn letter).

**Diligence To Date**

5. At present, the government has identified approximately three to four law enforcement witnesses that it may call at trial. Even though the government does not intend to call every law enforcement officer involved in this case as a witness at trial, the government has inquired into potential impeachment information regarding additional law enforcement officers beyond those anticipated witnesses.

6. As it relates to the "candid questions" process, between November 19, 2025, and December 15, 2025, I conducted the "candid questions" with potential law enforcement officer witnesses:

a. On November 19, 2025, two days after the post-indictment arraignment in this case, I interviewed four law enforcement officers as it relates to the "candid questions."

b. On November 26, 2025, I interviewed one law enforcement officer as it relates to the "candid questions," and conducted a follow up interview on December 12, 2025.

c. On December 12, 2025, I interviewed one law enforcement officer as it relates to the "candid questions."

d. One law enforcement officer is represented by counsel. On December 15, 2025, I had a telephone call with the officer and his counsel to discuss the "candid questions."

e. On or about December 10, 2025, I interviewed the case agent as it relates to the "candid questions."

f. On December 12, 2025, I interviewed an officer who was present at the scene of the incident that occurred on or about June 13, 2025 as it relates to the "candid questions."

7. As it relates to the formal letter process, the government has taken the following steps to date:

a. On December 10, 2025, I sent two Henthorn letters, each of which was addressed to various relevant agencies, for the personnel identified above.

b. On December 12, 2025, I received a response from the U.S. Department of Justice, Office of General Counsel, Office of the Inspector General.

c. On December 12, 2025, I received a response from the U.S. Department of Homeland Security, Office of Inspector General, Office of Investigations.

d. On December 15, 2025, I received a response from the U.S. Department of Homeland Security, Office of General Counsel.

e. I am awaiting responses from two other agencies.

8. In consultation with my direct supervisors and the office Henthorn coordinators, I am evaluating whether there is any information gleaned during these interviews and/or in the responses from agencies that needs to be disclosed to the Court and/or defense counsel.

**Ex Parte Relief**

9. Government counsel understands that this Court set the deadline to disclose Henthorn material by December 5, 2025 (Dkt. 42 at 3, 11), and I sincerely apologize for not completing the Henthorn review by that date. Since joining this case on November 5, 2025, I have been attempting to work diligently to comply with this Court's orders, obtain and produce discovery to defendant,[1] and respond to defendant's requests and filings.

10. By way of background (and not to excuse any non-compliance), while working on this case, from December 1 to December 11, 2025, I was traveling to/from and attending training at the National Advocacy Center in South Carolina, which took a substantial amount of time. Currently, I am assigned to approximately 21 cases as a new member of the Office's General Crimes Section.

11. I have consulted with my Deputy Chief, Chief, and the Chief of Ethics and Post-Conviction Review. Upon further reflection, I should have sought ex parte relief when it appeared that the

[1] For example, in compliance with the Court's Case Management Order (Dkt. 42 at 11), the government produced discovery on or about November 26, 2025, December 3, 2025, and December 5, 2025.

government was going to be unable to meet the December 5, 2025 deadline despite its efforts.

12. This is the government's first request for any extension of the deadlines in this matter. The needed extension will allow me, with the assistance of my supervisors, to follow up with the relevant agencies to obtain and disclose information to defendant as required by Henthorn (if any). Based on the foregoing, the government respectfully respects an extension of the deadline by which to provide the supplemental disclosure of potential Henthorn information, from December 5, 2025 to December 18, 2025.

13. On December 15, 2025, I emailed defense counsel, Deputy Federal Public Defender Gabriela Rivera, seeking defendant's position on the government's ex parte application to extend the deadline. DFPD Rivera indicated that defendant is opposed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on December 15, 2025.

/s/ *Christopher Jones*
CHRISTOPHER JONES
Assistant United States Attorney