CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GABRIELA RIVERA (Bar No. 283633)
(E-Mail: Gabriela_Rivera@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
CARLITOS RICARDO PARIAS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CARLITOS RICARDO PARIAS,<br><br>　　　　　Defendant. | Case No. 2:25-cr-00904-FMO<br><br>**OPPOSITION TO GOVERNMENT'S EX PARTE APPLICATION TO EXTEND DEADLINE TO DISCLOSE INFORMATION UNDER *U.S. V. HENTHORN*; DECLARATION OF COUNSEL** |

Defendant Carlitos Ricardo Parias, by and through his attorneys of record, Federal Public Defender Cuauhtemoc Ortega and Deputy Federal Public Defender Gabriela Rivera, hereby files this opposition to the government's ex parte application to extend its deadline to comply with the Court's order regarding the disclosure of information under *United States v. Henthorn*.

　　　　　　　　　　　　　　　　　Respectfully submitted,

DATED: December 16, 2025　　　By: /s/ Gabriela Rivera
　　　　　　　　　　　　　　　　　CUAUHTEMOC ORTEGA
　　　　　　　　　　　　　　　　　Federal Public Defender
　　　　　　　　　　　　　　　　　GABRIELA RIVERA
　　　　　　　　　　　　　　　　　Deputy Federal Public Defender
　　　　　　　　　　　　　　　　　Attorneys for CARLITOS RICARDO PARIAS

**DECLARATION OF GABRIELA RIVERA**

1. I am the Deputy Federal Public Defender assigned to represent Carlitos Ricardo Parias. I have been appointed to represent him since his initial appearance on October 27, 2025.

2. This declaration is made in support of the defense's position that the Court should deny the government's belated request to extend the Court-ordered deadline for the disclosure of information under *United States v. Henthorn*. Defense counsel will be prepared to address this opposition in more detail at the Pretrial Conference, which is currently scheduled to take place in two days, on December 18, 2025.

3. Trial in this matter is currently set to commence on December 30, 2025. Pursuant to its inherent authority to manage its docket and ensure timely case resolution, this Court imposed various deadlines on the parties. (Dkt. 42.) Specifically, and among other things, the Court set December 5, 2025 as the discovery cutoff date and the deadline for the government's supplemental disclosures, including the disclosure of information under *United States v. Henthorn*. (Dkt. 42 at 11.)

4. The government acknowledges that it has failed to comply with the Court's order which required the government to complete its disclosure of information under *United States v. Henthorn* by December 5, 2025. (Dkt. 64 at 3.)

5. The government has provided no legitimate explanation for failing to comply with the Court's order. Indeed, government counsel interviewed four law enforcement officers as it relates to the "candid questions" portion of the *Henthorn* disclosure process on November 19, 20205--almost one month ago. Government counsel interviewed an additional law enforcement officer a week later, on November 26. For reasons that remain unexplained, government counsel did not interview the case agent or an additional law enforcement officer until a week after the disclosure deadline. Finally, government counsel indicates that he had a phone call with another law enforcement officer (potentially the officer who shot Mr. Parias) who is represented by counsel, and during that call "discuss[ed]" the "candid questions" with

1

the officer and the attorney rather than conducted an interview as required by the Justice Manual.

6. While government counsel has indicated that he is awaiting agency responses from two agencies, he also indicates that he has received three other responses. He has not made any disclosures to the defense regarding those responses, and his declaration provides no explanation for the failure to do so. And to the extent additional responses remain outstanding, that appears to be in large part because government counsel did not begin sending *Henthorn* letters to the agencies until December 10, 2025--after the deadline by which it was supposed to have not only obtained, but *produced*, *Henthorn* material. Again, the declaration from government counsel provides no explanation for the delay.

7. As referenced above, this failure to comply with the deadline for *Henthorn* disclosures is part of a pattern of delayed and incomplete discovery.

   a. To take one example, on December 10, 2025--after the discovery cutoff--the government produced for the first time the body-worn camera footage (virtual reality glasses) recorded by Officer Jaime Avina, the agent who ran up to the passenger side of Mr. Parias's car, smashed in his window, and then shot directly at and struck Mr. Parias as Mr. Parias was looking in the opposite direction. Yet the defense has been requesting such video recordings since October 28, 2025.

   b. To take another example, the body-worn camera footage of Officer Avina shows that, within mere seconds of shooting Mr. Parias, he immediately grabbed his cellphone and began sending apparent text messages. The defense has requested the production of those text messages, but the government has not responded to indicate whether it will produce them and, if so, when.

   c. To take another example, the government has not produced any meaningful report regarding the enforcement operation, arrest, and shooting that took place on October 21--this despite the fact that several officers and agencies were involved in the operation which took place almost two months ago.

2

        d.    As a final example, after repeatedly inquiring---both during a meet and confer phone call and on the record in Court--whether the government had provided the defense with all surveillance footage depicting the shooting and arrest of Mr. Parias or only an excerpt, on December 11, the government produced for the first time discovery indicating that it did not request or obtain surveillance footage depicting the moments when officers in several unmarked cars sped towards Mr. Parias as he left for work on October 21. The government has not provided an explanation for the delayed production of discovery.

8.    The delayed disclosure of *Henthorn* material as well as the delayed and denied discovery has prejudiced the defense's ability to adequately prepare for trial. Without *Henthorn* disclosures and discovery, the defense cannot meaningfully and adequately raise motions (*e.g.*, a *Trombetta-Youngblood* motion or a motion to dismiss for outrageous government conduct), develop its theory of defense, prepare examinations and argument for trial, and prepare Mr. Parias for trial.

9.    Indeed, this prejudice is compounded by the fact that the federal government continues to detain Mr. Parias in a remote detention center hours away from his legal counsel.

10.    For all of these reasons, the defense opposes the government's request for a continuance. The deadline for the government's production of discovery and supplemental disclosures has long since passed, and the government's *ex parte* application falls well short of providing good cause supporting its requested continuance.

//
//
//

1    I declare under penalty of perjury that the foregoing is true and correct to the best
2  of my knowledge and belief.

4    Executed December 16, 2025 at Los Angeles, California.

*/s/ Gabriela Rivera*
GABRIELA RIVERA

4