TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, CRIMINAL Division
CHRISTOPHER JONES (Cal. Bar No. 343374)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7383
     Facsimile: (213) 894-0141
     E-mail:    christopher.jones4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-00904-FMO |
|---|---|
| Plaintiff, | PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING: PERSONAL IDENTIFYING INFORMATION, PRIVACY ACT INFORMATION, INFORMATION UNDER *HENTHORN*, AND INVESTIGATIVE INFORMATION |
| v. | |
| CARLITOS RICARDO PARIAS, | |
| Defendant. | |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information and Privacy Act Information, filed by the government and defendant Carlitos Ricardo Parias ("defendant") in this matter on December 18, 2025, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

   1.   The government's discovery in this case relates to

defendant's alleged crimes, that is, violations of 18 U.S.C. § 111(a), (b)(1) and 18 U.S.C. § 1361.

2.   A protective order for the discovery is necessary so that the government can produce to the defense (1) personal identifying information ("PII") of real persons; (2) materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"), including information under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); and (3) materials regarding pending investigations into a third party (the "Third-Party Investigations") that are related to incidents underlying the charges against defendant.  To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).  The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an ongoing obligation to protect these materials, the government cannot produce to defendant an unredacted set of discovery containing this information without this Court entering the Protective Order.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

     3.    The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

     4.    Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

        a.    As used herein, "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

        b.    "Confidential Information" refers to any document or information containing PII Materials, Privacy Act information, information under <u>Henthorn</u>, or materials regarding the Third-Party Investigations that the government produces to the defense pursuant to this Protective Order and any copies thereof.

        c.    "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

1         d.    The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER." The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The government may also redact any PII contained in the production of Confidential Information.

        e.    If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to this Court to have the designation removed.

        f.    Defendant and the Defense Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings.

        g.    The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

        h.    At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

        i.    Defendant may review Confidential Information only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any Confidential Information. At the conclusion of any meeting with defendant at which defendant is permitted to view Confidential Information, defendant must return

4

any Confidential Information to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Defendant may not take any Confidential Information out of the room in which defendant is meeting with the Defense Team.

j.  Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendant also may not write down or record any data or information contained in the Confidential Information.

k.  The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  A member of the Defense Team must be present if Confidential Information is being shown to a witness or potential witness.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

l.  The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

m.  To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in

5

1  whole or in part, Confidential Information, or to the extent that
2  copies are made for authorized use by members of the Defense Team,
3  such notes, copies, or reproductions become Confidential Information
4  subject to the Protective Order and must be handled in accordance
5  with the terms of the Protective Order.
6          n.   The Defense Team shall use Confidential Information
7  only for the litigation of this matter and for no other purpose.
8  Litigation of this matter includes any appeal filed by defendant and
9  any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the
10 event that a party needs to file Confidential Information with the
11 Court or divulge the contents of Confidential Information in court
12 filings, the filing should be made under seal.  If the Court rejects
13 the request to file such information under seal, the party seeking
14 to file such information publicly shall provide advance written
15 notice to the other party to afford such party an opportunity to
16 object or otherwise respond to such intention.  If the other party
17 does not object to the proposed filing, the party seeking to file
18 such information shall redact any Confidential Information and make
19 all reasonable attempts to limit the divulging of Confidential
20 Information.
21         o.   Any Confidential Information inadvertently produced
22 in the course of discovery prior to entry of the Protective Order
23 shall be subject to the terms of this Protective Order.  If
24 Confidential Information was inadvertently produced prior to entry
25 of the Protective Order without being marked "CONFIDENTIAL
26 INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government
27 shall reproduce the material with the correct designation and notify
28

defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

p. Confidential Information shall not be used by any member of the defense team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.

q. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order.

//
//

        r.    Defense counsel shall advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

IT IS SO ORDERED.

| December 19, 2025 | /s/ |
|---|---|
| DATE | HONORABLE FERNANDO M. OLGUIN<br>UNITED STATES DISTRICT JUDGE |

Presented by:

*/s/ Christopher Jones*
Christopher Jones
Assistant United States Attorney